### A09A1142. PALMER v. THE STATE.
(682 SE2d 323)

MIKELL, Judge.

Elva Palmer and Katrina Shelnutt were jointly indicted, tried, and convicted of first degree arson, criminal damage to property in the second degree, threatening a witness in an official proceeding by unlawfully causing economic harm to a family member, and using intimidation with the intent of influencing a witness to change her

---

testimony in an official proceeding. In *Shelnutt v. State*,[1] we reversed Shelnutt's conviction of first degree arson because that count of the indictment was fatally defective.[2] We affirmed her remaining convictions.[3] Subsequently, Palmer was granted permission to file an out-of-time appeal. Palmer now raises the same issues that Shelnutt enumerated as error in her appeal and relies on the same evidence. We fully adopt the rulings in *Shelnutt* and do not recount the facts, as they are set out in detail in that decision.

1. Palmer asserts that her constitutional rights were violated by her trial attorney's dual representation of herself and Shelnutt. In *Shelnutt*, we rejected Shelnutt's argument that the attorney had an actual conflict of interest because the defendants' alibi defenses were inconsistent. Specifically, we concluded that "their defenses were synergistic rather than antagonistic, and their representation by the same attorney did not give rise to any conflict of interest, potential or actual."[4] We adopt that ruling in this appeal and reject Palmer's first enumeration of error.

2. In her second enumeration of error, Palmer contends that her conviction for first degree arson must be reversed because the indictment failed to charge the essential elements of that offense. In *Shelnutt*, we agreed with this argument and reversed Shelnutt's conviction of arson in the first degree and the sentence imposed thereon.[5] That ruling controls in the case at bar, and we similarly reverse Palmer's conviction of arson and 15-year sentence imposed for that offense.

3. Palmer next contends that her conviction of threatening a witness in an official proceeding cannot be sustained because the state failed to prove an essential element of the offense; namely, that she caused economic harm to a family member.[6] We rejected this argument in *Shelnutt*, ruling that the evidence "authorized the jury to find that as a result of the fire [the witness's husband] suffered an uninsured loss of valuable personal property that was in the car."[7] We reach the same conclusion in the case at bar and affirm Palmer's conviction on this count of the indictment.

4. Palmer asserts that her trial lawyer rendered ineffective assistance by failing to impeach the state's primary witness, Chris-

---

[1] 289 Ga. App. 528 (657 SE2d 611) (2008).

[2] Id. at 531-532 (2).

[3] Id. at 528.

[4] (Footnote omitted.) Id. at 530 (1).

[5] Id. at 532 (2).

[6] See OCGA § 16-10-32 (b) (1).

[7] *Shelnutt*, supra at 533 (3).

tine Montgomery, who is Palmer's sister-in-law,[8] with evidence that Montgomery previously had committed arson. As we held in *Shelnutt*,[9] the witness could not be impeached by proof of misconduct that did not result in a conviction, so counsel did not perform deficiently "in failing to attempt to introduce inadmissible evidence."[10] We adopt that ruling herein and reject Palmer's ineffective assistance claim.

5. Finally, Palmer challenges the sufficiency of the evidence to support her conviction of influencing a witness in violation of OCGA § 16-10-93. Our opinion in *Shelnutt* fully recounts the evidence authorizing the jury to find that Palmer was guilty of this offense beyond a reasonable doubt.[11]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 15, 2009.

*Ann T. Shafer*, for appellant.

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.

---

[8] See id at 528.

[9] Id. at 533 (4).

[10] Id.

[11] Id. at 534 (5); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).